Alice Boylan, Appellant, *v.* Benjamin A. Whitehouse and Others, Respondents.

Fourth Department, May 7, 1930.

*Melvin & Melvin* [*Raymond O. Campbell* of counsel], for the appellant.

*Bailey, Oot & Ryan* [*H. D. Bailey* and *Lewis C. Ryan* of counsel], for the respondents.

EDGCOMB, J. On the afternoon of December 11, 1926, plaintiff was driving a Chevrolet coupe easterly on James street in the city of Syracuse. At the same time defendants' truck was traveling northerly in Collingwood avenue. The vehicles reached the intersection of the two streets at the same time, and the usual result followed. Plaintiff brought this action to recover the damages which she sustained on this occasion, both to her person and property. She has been nonsuited, and comes to this court in an endeavor to reverse the judgment below.

Accepting plaintiff's evidence at its face value, and giving to her the benefit of all legitimate inferences which can be drawn from the testimony, as we must on this appeal, the jury would have been justified in finding the following facts:

Plaintiff was traveling twenty miles an hour as she approached Collingwood avenue; fifty feet from the corner she slowed down to fifteen miles an hour; she then looked to her right, and saw defendants' truck coming northerly on Collingwood avenue; her attention was momentarily diverted by a street car on James street and an automobile coming from her left; she again noticed the truck, and estimated that it was about fifty feet from the corner, and realized that, if she and the driver both kept on at the same speed, they would reach the intersection of the two streets at about the same time; she then blew her horn, and slowed down to not more than five miles an hour, and turned southerly into Collingwood avenue, all the time keeping on her own side of the highway, near the southerly curb of James street and the westerly curb of Collingwood avenue; defendants' truck turned westerly into James street, and in so doing cut the corner, and came over on plaintiff's side of the

road, and caught her left fender and left wheel, and inflicted the damages complained of.

If the driver of defendants' truck, in turning to the left into James street, failed to pass to the right of and beyond the center of the intersection of the intersecting streets, and cut the corner and came over onto plaintiff's side of the street, he violated subdivision 2 of section 11 of the General Highway Traffic Law (now Vehicle and Traffic Law, § 81, subd. 2), which was in effect at the time of the trial as well as of the accident. If that act was the proximate cause of the accident, the defendants were negligent. (*Martin* v. *Herzog*, 228 N. Y. 164; *Amberg* v. *Kinley*, 214 id. 531.)

Defendants could not, therefore, be held free from negligence as a matter of law.

We also think that the question of plaintiff's freedom from contributory negligence was a question for the jury rather than the court. According to her testimony she was traveling at a slow rate of speed, and was on her own side of the highway when the collision occurred. She had a right to assume that the defendants would obey the rules of the road, and would not cut the corner, and come over in her path. Reasonable men might differ as to who was to blame for this accident.

Stressing plaintiff's testimony that she realized, when she was about fifty feet from the corner, that if she and defendants' driver proceeded in their respective courses and at the same rate of speed at which they were traveling, they would both reach the intersection of the two streets at the same time, respondents urge that they had the right of way, and a duty devolved upon the plaintiff to slow up. and stop if need be, and give to the vehicle on the right the precedence which was guaranteed it by the statute. (*Shirley* v. *Larkin Co.*, 239 N. Y. 94.)

The difficulty with such position is the fact that plaintiff had not reached the center line of Collingwood avenue at the time of the accident. She slowed down, and started to turn into Collingwood avenue. The collision can be found to have taken place because defendants' truck turned to its left, and cut the corner, and came over onto plaintiff's side of the road. Under such circumstances, we do not think it can be said as matter of law that defendants had the right of way so as to impose upon the plaintiff the duty of slowing up or stopping, and waiting until defendants' truck had cleared the intersection. The jury could well have said that plaintiff was proceeding slowly and cautiously, and that she gave notice of her approach. If that is so, she could not, under the circumstances disclosed by this evidence, be held guilty of contributory negligence as matter of law. (*Shuman* v. *Hall*, 246 N. Y. 51.)

We think that a case was made out for the jury, and that the trial court erred in granting defendants' motion for a nonsuit.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

Judgment of County Court and judgment of Municipal Court reversed on the law and a new trial granted in the Municipal Court, with costs in all courts to the appellant to abide the event.