■ WALTER DAME, Appellant, v. MAUDE S. HANLY, Respondent. WAYNE BASSETT, Appellant, v. MAUDE S. HANLY, Respondent. MAUDE HANLY, Respondent, v. WAYNE BASSETT, Appellant.— Appeals from judgments of the Supreme Court entered in Clinton County upon verdicts of a jury in personal injury and

property damage negligence actions, and from orders denying motions to set aside said verdicts. Appellant Bassett's automobile, in which appellant Dame was a passenger, was operated easterly on Route 3 into its intersection with the Rand Hill Road, where the front end of said automobile collided with the right rear of respondent Hanly's car, which, after traveling westerly on Route 3, had turned left to proceed southerly on the Rand Hill Road. The jury could find that, on approaching the intersection, Mrs. Hanly slowed down from the 35 to 40 miles per hour speed at which she had been traveling and when 200 to 300 feet from the intersection activated her signal light to indicate a left turn; that at the intersection she observed the Bassett car at least 700 feet away; that she proceeded into the intersection and turned left; and that her car was partly off Route 3 and into the southbound road when the collision occurred. The jury could find, also, that Mr. Bassett and Mr. Dame, in the course of a search for escaped inmates of a State hospital, were traveling in excess of the 40-mile speed limit and that Mr. Bassett did not observe the Hanly car until he was upon it, although there was no other traffic or any obstruction to his vision. The jury could properly find Mr. Bassett negligent, upon such a state of facts; and was also warranted in finding therefrom and from the proof adduced by Mrs. Hanly with respect to her operation and observation, that she was not negligent. (*Anderson* v. *Burkardt*, 275 N. Y. 281, 282; *Collins* v. *Childs*, 286 App. Div. 1132, motion for leave to appeal denied 1 N Y 2d 641.) The fact, if such it was, that the impact occurred when the right rear of the Hanly car was in the southeast quadrant of the intersection did not, as appellants contend, render the verdicts contrary to the weight of the evidence; nor did the court err in declining to charge, in the "specific language" requested, that if the impact occurred in that area, Mrs. Hanly was violating subdivision (b) of section 1160 of the Vehicle and Traffic Law; the court then repeating the correct instructions previously given as to violations of that and other provisions of the Vehicle and Traffic Law. Quite to the contrary of appellants' contentions, it could be found that Mrs. Hanly complied with subdivision (b), the last sentence of which provides: "Whenever practicable the left turn shall be made in that portion of the intersection to the left of the center of the intersection." Litigation involving this departure from the long-standing rule was foreseen by the draftsmen, who observed: "Since this requirement is qualified by 'whenever practicable', whether or not a driver failing to comply therewith had been negligent would pose a question of fact to be determined in the light of all the circumstances of the particular case." (Report of Joint Legislative Committee on Motor Vehicle Problems, N. Y. Legis. Doc., 1954, No. 36, p. 68.) Judgments and orders unanimously affirmed, without costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.