■ GILAD REALTY CORP., Respondent, v RIPLEY PITKIN AVE., INC., et al., Appellants, et al., Defendant.—In an action to recover moneys due under the terms of a lease, the appeal is from a judgment of the Supreme Court, Kings County, entered September 19, 1974, which, upon defendants' motion to dismiss the complaint (treated by the court as one for summary judgment), granted judgment to plaintiff against defendants Ripley Pitkin Ave., Inc., and Ripley Manufacturing Corp. Judgment modified, on the law, by (1) reducing the amount of the principal recovery from $91,708.33 to $8,749.98, representing the rent due for the six-month period of July through December, 1973, (2) changing the effective date for the commencement of the computation of interest from October 1, 1973 to July 1, 1973 and (3) changing the amounts awarded as interest, and as the total amount of the recovery, accordingly. As so modified, judgment affirmed, with $20 costs and disbursements to appellants. There is no dispute that the rent for the above-mentioned six-month period has not been paid, although it appears that, in October, November and December, 1973, payment was tendered, but not accepted by plaintiff. Plaintiff's refusal was based on its claim that, under the terms of a 1955 agreement between the parties, which agreement amended a 21-year lease entered into in January, 1953 (and expiring in December, 1973), the tenant's default in mid-1973 of the monthly rental payments resulted in liability upon it and its guarantor for the difference between the amount of the monthly rental originally agreed upon in the lease ($1,833.33) and the reduced amount called for under the 1955 agreement ($1,458.33), commencing as of October 1, 1954. In other words, plaintiff claims that it is entitled to $375 for each of the 225 months from October, 1954 through June, 1973, plus $1,833.33 for each of the remaining six months of 1973. We cannot agree with plaintiff. To do so would give it the benefit of a penal forfeiture. As was stated in *Manhattan Syndicate v Ryan* (14 AD2d 323, 327), "it is a relevant general rule that a failure to pay a sum of money due will rarely, if ever, justify a further sum, in excess of interest, to be paid by way of liquidated damages. On the contrary, such a requirement is likely to be condemned as a penal forfeiture which the law will not recognize". Here, the damages claimed by plaintiff and awarded by Special Term (in excess of $91,000) are clearly disproportionate to the actual loss

resulting from the nonpayment of several months' rent. The amount of that loss is readily ascertainable and, despite the finding by Special Term that there was no ambiguity as to the intent of the parties, that is all that should be awarded (see *Gitlin v Schneider,* 42 Misc 2d 230, 238). Latham, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.