Mercure, J. P., Casey, Weiss and Peters, JJ., concur. Ordered that the order is affirmed, without costs.

◼ LINDA W. WEISS, Appellant-Respondent, v THOMAS H. WEISS, Respondent-Appellant. [615 NYS2d 468] —Cardona, P. J. Cross appeals from an order of the Supreme Court (Travers, J.), entered April 3, 1993 in Rensselaer County, which denied plaintiff's motion for summary judgment and defendant's cross motion for summary judgment on his counterclaim.

Plaintiff and defendant entered into a separation agreement on May 3, 1984 which provided, *inter alia,* for plaintiff to convey her interest in the marital residence to defendant in return for a promissory note secured by a mortgage. The note, dated September 12, 1984, was for the principal sum of $7,500

payable at the rate of 15% per year and provided as follows: "The full sum of $7,500.00 shall be due and payable on July 19, 1991, or upon sale of the premises whichever shall occur first. Interest shall be waived on account of said principal sum if said sum is fully paid on July 19, 1991, or upon sale of the premises whichever shall occur first. The waiver of interest is in consideration of and conditioned upon [defendant's] waiver of support of their son, Russell, in accordance with paragraphs 'EIGHTH' and 'NINTH' of a Separation Agreement entered into between the parties on May 3, 1984."

Defendant failed to pay the amount due on July 19, 1991 and plaintiff made a demand for payment of principal and accumulated interest. Defendant tendered payment in the amount of $7,500 on or about August 1, 1991. In accordance with the terms of the note, plaintiff applied this payment first to interest due on the note from September 12, 1984 through August 1, 1991, which, at the rate of 15% per year, totaled $7,749.14. Plaintiff commenced this action to recover the principal sum of $7,500 together with the sum of $249.14 in interest unpaid as of August 1, 1991. Defendant answered and counterclaimed alleging satisfaction of the mortgage and seeking a discharge of the mortgage from plaintiff. Thereafter, plaintiff moved for summary judgment. In his affidavit opposing summary judgment, defendant requested Supreme Court to "search the record" (see, CPLR 3212 [b]) and grant him summary judgment relief on his counterclaim by directing plaintiff to execute a discharge of mortgage. Supreme Court denied both motions and both parties appeal.

We find merit in defendant's contention that the waiver of interest clause constitutes a liquidated damages clause so disproportionate to actual damages as to render it unenforceable.[1] The record discloses that plaintiff waived interest on the note in exchange for defendant's waiver of child support from her until July 19, 1991, the date when the parties' son attained the age of majority. It is beyond question that plaintiff received the benefit of her bargain since her child support

---

1. "The rule is now well established. A contractual provision fixing damages in the event of breach will be sustained if the amount liquidated bears a reasonable proportion to the probable loss and the amount of actual loss is incapable or difficult of precise estimation * * *. If, however, the amount fixed is plainly or grossly disproportionate to the probable loss, the provision calls for a penalty and will not be enforced" (Truck Rent-A-Ctr. v Puritan Farms 2nd, 41 NY2d 420, 425 [citations omitted]; accord, Scudder v Baker, 172 AD2d 40, 43, lv denied 80 NY2d 757).

obligations were clearly waived by defendant. Enforcement of the interest waiver clause as urged by plaintiff would result in defendant's payment of an additional liquidated amount in excess of $8,000, a sum clearly disproportionate to the actual loss sustained by plaintiff under the circumstances of this case.[2] Therefore, we conclude that the waiver of interest clause constitutes an unenforceable penalty as a matter of law *(cf., Scudder v Baker,* 172 AD2d 40, 43; *Willner v Willner,* 145 AD2d 236). Accordingly, the true measure of plaintiff's damages resulting from defendant's failure to timely pay the $7,500 principal sum due under the note is lost interest *(see, Gilad Realty Corp. v Ripley Pitkin Ave.,* 48 AD2d 683), which is easily ascertainable. Plaintiff is limited to recovering the unpaid interest accruing between July 19, 1991 and August 1, 1991, together with costs.

Turning to defendant's counterclaim, we find that his payment of $7,500 was insufficient to entitle him, as a matter of law, to an order canceling and discharging the mortgage of record since that payment did not include the unpaid interest due on the debt secured by mortgage *(see,* RPAPL 1921 [1]), as previously indicated. We reject defendant's contention that his failure to tender payment on July 19, 1991 was not a default under the note because of the 15-day grace period provided in the mortgage. The mortgage specifically required defendant to pay the debt promised in the note "according to its terms". Furthermore, in the case of an inconsistency between the terms of a mortgage and the note which it secures, the terms of the note are ordinarily controlling *(see,* 77 NY Jur 2d, Mortgages and Deeds of Trust, § 81, at 464).

Mercure, Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.

---

2. Plaintiff's failure to demonstrate any damage as a result of the breach caused by defendant's late payment underscores our view that such an award to her would amount to an unconscionable windfall *(see, Willner v Willner,* 145 AD2d 236, 242).