■ LUCIE CRISANO et al., Respondents, v BARRY R. SPELL-MAN, Defendant, and JOHN D. GOLDSTEIN, Appellant. [741 NYS2d 738] —In an action to recover damages for personal injuries, etc., the defendant John D. Goldstein appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Berry, J.), dated July 11, 2001, as denied that branch of his motion which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The evidence submitted in connection with the appellant's motion reveals the existence of triable issues of fact as to whether the appellant violated section 1160 (b) of the Vehicle and Traffic Law, or was otherwise negligent in attempting to "cut the corner" while making a left hand turn in the vicinity of the injured plaintiff's vehicle (see Boylan v Whitehouse, 229 App Div 372; Marshall v Richter, 227 App Div 830; cf. Dame v Hanly, 16 AD2d 997, 998) and, if he was negligent, whether such negligence was a proximate cause of the accident (see Derdiarian v Felix Contr. Corp., 51 NY2d 308; Mitchum v Friend, 270 AD2d 841; Gross v New York City Tr. Auth., 256 AD2d 128, 130; Calderone v Harrel, 237 AD2d 318; Ferguson v Gassman, 229 AD2d 464, 465; Brogan v Zummo, 92 AD2d 533, 535; cf. Sheehan v City of New York, 40 NY2d 496, 503; Dormena v Wallace, 282 AD2d 425, 427; Fiscella v Gibbs, 261 AD2d 572, 573-574).

The Supreme Court therefore properly denied that branch of the appellant's motion which was for summary judgment dismissing the complaint insofar as asserted against him. Ritter, J.P., Smith, Luciano and Crane, JJ., concur.