■ WILLIAM ANTHONY EVANS, Appellant, v STATE OF NEW YORK, Respondent. [868 NYS2d 417]—

Stein, J.

Claimant, an inmate at Eastern Correctional Facility in Ulster County, was assigned to work in the food service program pursuant to an inmate worker agreement signed with the Department of Correctional Services in April 1998. In April 2005, the Deputy Superintendent of Programs at the correctional facility issued a memorandum requiring any inmate working in a higher paid, preferred job assignment—such as the food service program—and who had refused a needed treatment program, to request placement on the waiting list for that program within 90 days or else be removed from the preferred job assignment and moved to a lesser paying job. Thereafter, claimant, who had previously refused to participate in the residential substance abuse treatment (hereinafter RSAT) program recommended by his counselor, failed to request placement on the waiting list for the RSAT within 90 days and, consequently, was removed from the food service program in July 2005 and reassigned to the library clerk program, a lesser paying job. Claimant filed a grievance concerning this reassignment, which was affirmed by the Central Office Review Committee (hereinafter CORC). Claimant subsequently commenced this action for breach of contract, claiming $7,072 in lost wages from the date of his reassignment to his first possible parole date in 2015. Following a bench trial, the Court of Claims found in favor of defendant and claimant now appeals.*

We affirm. Initially, to the extent that inmates have "no statu-

---

* Although claimant's notice of appeal indicates that he is appealing from the Court of Claims' July 20, 2007 decision rather than the judgment entered

tory or constitutional right to a prison job" (*Matter of Stephens v Central Off. Review Comm. of N.Y. State Dept. of Correctional Servs.*, 255 AD2d 845, 846 [1998]; *see Matter of Semkus v Coughlin*, 139 AD2d 868, 869 [1988], *lv denied* 72 NY2d 808 [1988]), the inmate worker agreement did not constitute a contract obligating defendant to maintain claimant's assignment to the food service program for the length of his incarceration. Further, even if we were to find that the agreement was binding, claimant is not entitled to recover on his breach of contract claim. Section 4 (c) of the agreement provided for termination of an inmate's assignment upon the "violation of any correctional facility rule or procedure" and, here, claimant admittedly failed to request placement on the waiting list for the RSAT program within the 90-day period, as required by the rule outlined in the memorandum.

Claimant's contention that defendant failed to preserve certain arguments that were not raised before CORC is wholly without merit, as this is not a CPLR article 78 proceeding challenging CORC's determination (*compare Matter of Khan v New York State Dept. of Health*, 96 NY2d 879, 880 [2001]; *Matter of Hamilton v Goord*, 32 AD3d 642, 643 [2006], *lv denied* 7 NY3d 715 [2006]).

The parties' remaining contentions have been considered and rejected.

Cardona, P.J., Spain, Rose and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.

July 27, 2007, we will exercise our discretion to treat the notice of appeal as valid pursuant to CPLR 5520 (c).