■ CHASE MANHATTAN BANK, as Trustee of the IMC Home Equity Loan Trust 1997-3, Respondent, v AMRITA GHOSH DOUGLAS, Appellant. [877 NYS2d 488]—

Peters, J. Appeal from an order of the Supreme Court (Connor, J.), entered December 28, 2005 in Columbia County, which, among other things, dismissed defendant's counterclaims, upon a decision of the court.

In 1997, defendant mortgaged a parcel of property in the Town of Stockport, Columbia County. Defendant used the property as her second residence each weekend until late 2000, when she began to visit on a monthly basis. Defendant stopped making payments on the mortgage in early 2000, prompting plaintiff to commence the instant foreclosure action in December 2000. Thereafter, repeated inspections of the property were conducted to ascertain its condition and ensure that the home was secure.

When defendant visited the property in August 2001, she learned that a default judgment had been entered against her and that a foreclosure sale had occurred. She also found that the vast majority of her personal property had been removed from the residence. Thereafter, defendant moved to vacate the default judgment and foreclosure sale on the ground that plaintiff had not served her with the required papers. Supreme Court (Cannizzaro, J.) granted the motion and permitted defendant to file an answer. In her answer, defendant asserted several counterclaims, alleging that plaintiff, through its various agents, unlawfully entered upon her property and removed a significant amount of valuable personal property. Following a three-day bench trial, Supreme Court (Connor, J.) found that

defendant defaulted under the terms of the mortgage and dismissed her counterclaims as unsupported by the record.

Defendant appeals, asserting that Supreme Court erroneously concluded that her counterclaims were not supported by the evidence. When called upon to review a court's verdict following a nonjury trial, "we independently review the weight of the evidence and may grant the judgment warranted by the record, while according due deference to the trial judge's factual findings particularly where . . . they rest largely upon credibility assessments" (*Martin v Fitzpatrick*, 19 AD3d 954, 957 [2005]; *accord Charles T. Driscoll Masonry Reconstruction Co., Inc. v County of Ulster*, 40 AD3d 1289, 1291 [2007]). We conclude that Supreme Court's factual findings comport with a fair and reasonable interpretation of the evidence, and thus decline to disturb its dismissal of defendant's counterclaims.

Here, defendant demonstrated that a significant amount of personal property was taken from the residence, yet offered nothing more than speculation to support her claim that plaintiff or its agents were responsible for her loss. Defendant theorized at trial that the contractors retained by plaintiff to inspect and secure the property, principally Roy Walton, were involved in the conversion because they had visited the property at the time the loss allegedly occurred and had access to the home. Explaining that some of the removed property was heavy and unwieldy, defendant testified that her suspicion of Walton's involvement was heightened when he and another arrived at the residence in their pickup trucks. Yet, no evidence was presented that any of plaintiff's agents were ever observed removing any of defendant's personal property or found in possession of any such items and, following a criminal investigation into the matter, police authorities determined that Walton was not a suspect.

Countering defendant's paucity of proof, plaintiff presented evidence that the individuals contracted to inspect the premises, while permitted to remove hazardous material and garbage, lacked the authority to remove any personal property. Their inspection reports revealed that, upon an initial inspection of the house in May 2001, the residence was found to be unsecure and there was trash "all over." Walton testified that in July 2001, when he first entered the house in the course of his inspection, it was in extreme disarray and many of the items of personal property depicted in defendant's preloss photographs were not on the premises. Both Walton and Harry Shaffer, another contractor assigned to inspect the property, unequivocally testified that they did not take any of the items that defendant

claimed were missing from the residence. While defendant attacks the testimony of Walton as incredible, we defer to Supreme Court's resolution of this issue due to its advantage of observing the witness as he testified (*see Conolly v Thuillez*, 58 AD3d 973, 974 [2009]; *Sterling v Sterling*, 21 AD3d 663, 665 [2005]). Notably, inspection reports further revealed that the residence was found to be unsecure on a number of occasions after Walton had secured the home and during the time when defendant claims her personal property was converted. Viewing the record as a whole and according deference to the court's " 'assessment of the quality of the evidence' " (*Silverman v Mergentime Corp./ J.F. White, Inc.*, 252 AD2d 925, 926 [1998], quoting *Callanan Indus. v Olympian Dev.*, 225 AD2d 941, 942 [1996]; *accord Pronti v Smutzinger*, 52 AD3d 1015, 1016 [2008]), we find no basis to disturb its finding that defendant's counterclaims were not proven.

Finally, notwithstanding the language employed in its decision, the record makes clear that Supreme Court appropriately treated defendant's counterclaims as independent claims rather than a defense to plaintiff's foreclosure action (*compare LaSalle Bank N.A. v Kosarovich*, 31 AD3d 904 [2006]).

Mercure, J.P., Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the order is affirmed, with costs.