■ MARTHA SHERWOOD et al., Respondents, v ANTHONY J. BROCK et al., Appellants. [884 NYS2d 793]—

McCarthy, J. Appeal from a judgment of the Supreme Court (Lalor, J.), entered May 20, 2008 in Greene County, upon a decision of the court in favor of plaintiffs.

Following a nonjury trial, Supreme Court found defendants liable to plaintiffs in the amount of $100,000, plus interest, on a mortgage note executed in favor of James Sherwood but later assigned to plaintiffs. On appeal, defendants argue that there was no proof of their underlying debt to Sherwood, no consideration for the subject note and no valid assignment of it. We affirm.

"When called upon to review a court's verdict following a nonjury trial, we independently review the weight of the evi-

dence and may grant the judgment warranted by the record, while according due deference to the trial judge's factual findings particularly where . . . they rest largely upon credibility assessments" (*Chase Manhattan Bank v Douglas*, 61 AD3d 1135, 1136 [2009] [internal quotation marks and citation omitted]). Upon our review of the evidence at trial, we conclude that Supreme Court's factual findings comport with a fair and reasonable interpretation of it. We therefore decline to disturb the judgment in favor of plaintiffs.

Testimony established that Sherwood and defendants Anthony J. Brock and Marie Brock were business associates between 1994 and 2000 during which time Sherwood loaned them money on numerous occasions pertaining to the operation of their local marina. According to Sherwood's trial testimony, this amount equaled $100,292 as of November 20, 2000. The evidence further established that, on December 4, 2000, Marie Brock executed a mortgage note on behalf of herself, her husband (pursuant to a valid power of attorney) and the corporate entity of which they were both officers, defendant Shady Harbor Marina, Inc., in favor of Sherwood.* The mortgage note itself recites that it was "for value received." In addition, Sherwood testified that the "note was given to [him] to secure the monies that were due to [him] from the Brocks" and that the marina was pledged as collateral. In light of this documentary evidence and Sherwood's testimony, which was credited by Supreme Court, we reject defendants' claim that the note is unenforceable for lack of consideration (*see* UCC 3-408; *Friends Lbr. v Cornell Dev. Corp.*, 243 AD2d 886, 887 [1997]; *see also Wujin Nanxiashu Secant Factory v Ti-Well Intl. Corp.*, 14 AD3d 352, 353 [2005]; *Perlstein v Kullberg Amato Picacone/ABP*, 158 AD2d 251, 252 [1990]; *Cruz v Winitt*, 17 Misc 3d 134[A], 2007 NY Slip Op 52202[U] [2007]).

Furthermore, according to uncontradicted testimony at trial and documentary evidence admitted into evidence, Sherwood assigned the note to plaintiffs in May 2004 to secure his own past debts. To the extent that defendants challenge the validity of this assignment for lack of consideration, we note that it was in writing and signed by Sherwood. Therefore, enforceability of the assignment did not require a showing of consideration (*see* General Obligations Law § 5-1107; *Whalen v Gerzof*, 206 AD2d 688, 691 [1994], *lv denied* 84 NY2d 809 [1994]).

Finding no merit to any other argument raised by defendants, we affirm the judgment awarding plaintiffs the balance due under the note.

---

* The marina was sold in 2006 and a portion of the proceeds was deposited with the Greene County Clerk pending a resolution of this action.

Peters, J.P., Spain, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, with costs.