■ ROBERT KALLMAN, Appellant, v SHELDON M. KRUPNICK, Respondent. [891 NYS2d 490]—

Peters, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered May 23, 2008 in Greene County, upon a decision of the court in favor of defendant.

Defendant, an attorney, began representing plaintiff's mother in a number of legal matters. He later became a personal friend of plaintiff and provided various legal services for him. An experienced real estate developer, plaintiff approached defendant in 2001 about the prospect of purchasing an undeveloped subdivision, known as Windy Ridge, in Greene County. Plaintiff had been advised by Dime Savings Bank, which owned Windy Ridge, that his weak finances and recent personal bankruptcy would prevent him from purchasing the property on his own, and that he needed to bring in someone with financial wherewithal. When he asked defendant to become a partner in the purchase, defendant agreed, and the parties entered into a verbal partnership agreement for the joint purchase of Windy Ridge. Upon concluding that defendant was financially sound, the bank agreed to move forward with the transaction in light of his involvement and, in January 2002, the parties forwarded

executed copies of a purchase and sale contract, signed by each of them as purchasers, to the attorney for Dime Savings Bank. The purchase was delayed as a result of the takeover of Dime Savings Bank by Washington Mutual, which then insisted on selling the stock of Windy Ridge Corporation, the sole shareholder of Windy Ridge, rather than the real property itself.

In May 2003, unbeknownst to defendant, plaintiff retained an attorney to facilitate the purchase. Plaintiff then proposed that his brother become a one-third partner in the venture, a proposition that defendant rejected because, according to him, the agreement had always been to be "50/50 partners." Shortly thereafter, plaintiff wrote to defendant notifying him that he was being replaced as counsel and that plaintiff and his brother were going to purchase the Windy Ridge property without him because of his failed efforts to acquire funding for the property's development which, according to plaintiff, was a precondition to defendant becoming an equal partner. In response, defendant advised plaintiff that he "disagree[d] with [plaintiff's] statement of the facts" and "intended to pursue [his] interest in the sale of the property as a '[p]urchaser.' " Shortly thereafter, defendant communicated with the bank's attorney and informed him that he was interested in acquiring Windy Ridge on his own behalf. Despite these developments, defendant continued his efforts to purchase the property jointly with plaintiff and, in August 2003, the parties executed a contract for the Windy Ridge stock purchase. That very same day, plaintiff commenced this action against defendant for, among other things, rescission of the contract.

After joinder of issue, the parties cross-moved for summary judgment. Supreme Court (Ceresia, Jr., J.) dismissed all but plaintiff's first two causes of action, each of which alleged that defendant breached his fiduciary duty to plaintiff in connection with the Windy Ridge transaction. Following a nonjury trial, Supreme Court (Teresi, J.) directed the parties to submit proposed findings of fact. The court ultimately dismissed plaintiff's remaining causes of action, prompting this appeal.

We affirm. Initially, although we note certain inconsistencies in Supreme Court's findings of fact, we are not precluded from engaging in intelligent appellate review. "When reviewing an appeal from a nonjury trial, we have broad authority to independently consider the evidence and render a determination warranted by the record" (*Gonzalez v State of New York*, 60 AD3d 1193, 1194 [2009] [citations omitted]; *see Chase Manhattan Bank v Douglas*, 61 AD3d 1135, 1136 [2009]). It is equally true, however, that this Court will accord considerable defer-

ence to the trial court's factual findings particularly where, as here, they rest largely upon credibility determinations (*see Chase Manhattan Bank v Douglas*, 61 AD3d at 1136; *State of New York v Industrial Site Servs., Inc.*, 52 AD3d 1153, 1157 [2008]). Upon our review of the record, we find that Supreme Court properly dismissed plaintiff's claims for breach of fiduciary duty.

Plaintiff contends that defendant breached his fiduciary obligations to him by engaging in a business transaction that was not fair and reasonable, failing to memorialize the terms of their partnership agreement and ultimately competing with him in the acquisition of Windy Ridge. We begin our analysis with the recognition that "[a]n attorney is not prohibited from entering into a contract with a client" (*Greene v Greene*, 56 NY2d 86, 92 [1982]). However, if "an attorney enters into a business relationship with a client while also acting as the client's attorney with respect to the relationship, the attorney must fully and fairly inform the client of the consequences of any action taken in furtherance of the relationship and certainly may not exploit the client's trust for his or her own benefit" (*Beltrone v General Schuyler & Co.*, 252 AD2d 640, 641 [1998]; *see Greene v Greene*, 56 NY2d at 92-93; *Howard v Murray*, 43 NY2d 417, 420-421 [1977]).

The proof at trial revealed that plaintiff lacked the financial means to purchase Windy Ridge himself and, for this reason, asked defendant to become his partner in the transaction. The credible evidence further established that plaintiff and defendant agreed to become "50/50 partners" in this venture and that both parties offered valuable consideration to the business arrangement; plaintiff discovered this business opportunity and agreed to handle the marketing and development aspects of the project, while defendant would provide legal services for the partnership, seek funding for the development of the project and, most notably, supply the financial capacity for the two to acquire the property. Indeed, there is no dispute that defendant prepared and reviewed documents for the partnership, successfully negotiated the purchase price down from $280,000 to $140,000, obtained the necessary financing for the purchase and contributed equally to the down payment on the property. Simply stated, we find that Supreme Court's determination that the agreement was fair and reasonable and that defendant did not get the better of the bargain is supported by a fair interpretation of the evidence and, therefore, it will not be disturbed (*see Sherwood v Brock*, 65 AD3d 738, 739 [2009]; *Chase Manhattan Bank v Douglas*, 61 AD3d at 1136). Although plaintiff testi-

fied that the parties agreed that defendant would be an equal partner only if he could raise the $1.6 million needed to purchase and develop the property, this assertion is not only contradicted by documentary evidence in the record, but Supreme Court found plaintiff's testimony to be incredible on this point, a determination that we will not disturb due to its advantage of observing the witness as he testified (*see Chase Manhattan Bank v Douglas*, 61 AD3d at 1136; *Gonzalez v State of New York*, 60 AD3d at 1194; *Conolly v Thuillez*, 58 AD3d 973, 974 [2009]). Further, while defendant certainly should have memorialized the terms of the partnership agreement, even assuming that this failure constituted a violation of former Code of Professional Responsibility DR 5-104 (22 NYCRR former 1200.23), as plaintiff claims, " '[t]he violation of a disciplinary rule does not, without more, generate a cause of action' " (*Guiles v Simser*, 35 AD3d 1054, 1056 [2006], quoting *Schwartz v Olshan Grundman Frome & Rosenzweig*, 302 AD2d 193, 199 [2003]; *see William Kaufman Org. v Graham & James*, 269 AD2d 171, 173 [2000]; *Brainard v Brown*, 91 AD2d 287, 289 [1983]).

Nor do we find that defendant impermissibly competed with plaintiff in the purchase of Windy Ridge in violation of his fiduciary obligations as an attorney. Defendant neither exploited an opportunity that he learned of through representation of plaintiff, nor took affirmative steps to benefit himself at plaintiff's expense (*compare Beltrone v General Schuyler & Co.*, 252 AD2d at 641-642; *Schlanger v Flaton*, 218 AD2d 597, 600-602 [1995], *lv denied* 87 NY2d 812 [1996]). Rather, it was plaintiff who approached defendant with the prospect of jointly purchasing Windy Ridge because defendant's financial assistance was necessary in order for him to go forward with the transaction, and the two agreed to become equal partners in that venture. Although defendant did advise the bank that he was interested in acquiring Windy Ridge on his own behalf, this was only after plaintiff breached the partnership agreement and sought to purchase the Windy Ridge property on his own, and defendant nonetheless continued in his efforts to purchase the property jointly with plaintiff and did, in fact, enter into the stock purchase agreement with plaintiff, submit the required down payment and obtained financing for the purchase. Under these circumstances, we simply cannot conclude that defendant breached a fiduciary duty to plaintiff. Notably, plaintiff had obtained independent counsel to represent his interests as early as May 2003, when he informed defendant that he and his brother were proceeding with the purchase on their own. Thus, inasmuch as plaintiff was represented by independent counsel

and still elected to enter into the purchase agreement with defendant—while at the same time taking advantage of defendant's ability to fund the acquisition—we agree with Supreme Court's additional finding that any alleged prior transgressions on the part of defendant are not the proximate cause of any harm that plaintiff has allegedly sustained (*see R.M. Newell Co. v Rice*, 236 AD2d 843, 844-845 [1997], *lv denied* 90 NY2d 807 [1997]; *see also Laub v Faessel*, 297 AD2d 28, 30 [2002]). Moreover, plaintiff's conduct in first breaching the partnership agreement and pursuing the property on his own, and subsequently agreeing to enter into the transaction with defendant while simultaneously commencing the present action to rescind that agreement, constituted unclean hands barring the equitable relief he now seeks (*see Hytko v Hennessey*, 62 AD3d 1081, 1085-1086 [2009]). For all of these reasons, we find that Supreme Court properly dismissed plaintiff's breach of fiduciary duty claims.

Finally, Supreme Court did not commit reversible error in declining to admit a certain letter into evidence on the grounds of lack of foundation and hearsay.

Cardona, P.J., Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.