■ Town of Kinderhook, Respondent, v Faith Slovak, Also Known as Edith Slovak, et al., Appellants. [898 NYS2d 345]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered September 30, 2008 in Columbia County, upon a decision of the court in favor of plaintiff.

Plaintiff commenced this action seeking to enforce its zoning laws and enjoin defendants from operating an automobile transportation business on certain real property partially situated in the Town of Kinderhook, Columbia County. Following a nonjury trial, Supreme Court enjoined defendants from, among other things, using the property for their business, prompting this appeal.

Initially, defendants argue that the verdict was against the weight of the evidence. The record reflects that plaintiff first enacted a zoning ordinance in 1972 and, pursuant thereto, the subject property was considered to be in a residential district.* According to plaintiff, at some point after 1976, defendants' predecessor in interest began operating an automobile transporta-

---

* In 1989, plaintiff's zoning ordinance was amended and, consistent therewith, the subject property was reclassified as a light industrial district; thus, an automobile transportation business qualified as a permissible use provided that site plan approval was first acquired. It is undisputed that defendants never acquired site plan approval in accordance with the amended ordinance. As relevant herein, the 2001 amended zoning ordinance continued the effect of the 1989 ordinance.

tion business on the property in violation of the zoning ordinance. Defendants maintain, however, that the weight of the credible evidence establishes that partial use of the property to operate an automobile transportation business began prior to the 1972 enactment of the zoning ordinance and, therefore, Supreme Court should have, among other things, ruled that it was "grandfathered" as a permissible use. We conclude, for the reasons that follow, that defendants' contention is unpersuasive.

Significantly, when this Court finds "that a conclusion different from that of the nonjury factfinder would not have been unreasonable, [it] 'weigh[s] the probative force of the conflicting evidence and the relative strength of conflicting inferences that may be drawn therefrom, and then grant[s] the judgment which upon the evidence should have been granted by the trial court' " (*State of New York v Industrial Site Servs., Inc.*, 52 AD3d 1153, 1157 [2008], quoting *Kandrach v State of New York*, 188 AD2d 910, 912-913 [1992]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). In doing so, however, this Court accords considerable deference to the factual findings made by the trial court, particularly where "such findings are based largely upon credibility determinations" (*Martin v State of New York*, 39 AD3d 905, 907 [2007], *lv denied* 9 NY3d 804 [2007]). Accordingly, we will not disturb that court's factual findings if they comport with a "fair and reasonable interpretation" of the evidence (*Sherwood v Brock*, 65 AD3d 738, 739 [2009]).

Here, we find no basis to reverse Supreme Court's factual findings. Notably, it is undisputed that, at some point beginning prior to the mid-1980s, Joseph Slovak, the late father of defendant Donald Slovak (hereinafter defendant), utilized the property as a base for his automobile transportation business. Defendant joined his father in this business in the mid-1980s. After defendant acquired the business from his father, he incorporated it as defendant Slovak Auto Transport Incorporated and has continued to operate through this entity.

As relevant herein, defendant maintains that Supreme Court erred in failing to find that defendant's father began using the subject property as part of an automobile transportation business prior to the enactment of the zoning ordinance in 1972. However, while defendants did produce several witnesses who supported that position, the court did not find the testimonies to be credible. Instead, Supreme Court made specific findings of fact and credited differing evidence submitted by plaintiff. For example, the proof established that defendant's father did not purchase the property until 1976 and, while defendants argued

that defendant's father rented the property prior to purchasing it, the court credited contrary testimony produced by plaintiff. Furthermore, several of defendants' neighbors testified that defendant's father did not begin using the property for the transport business until the late 1970s or early 1980s. Plaintiff also produced proof of a special use permit application submitted by defendant's father in 1976 in which he sought to build a farm stand on his property and stated therein that "agriculture is our sole livel[ihood]." While proof was submitted on both sides as to this pivotal issue, inasmuch as Supreme Court had the advantage of observing the witnesses as they testified in resolving this conflicting testimony, we decline to hold that its decision as to the "grandfathering" issue is against the weight of the credible evidence (see *Chase Manhattan Bank v Douglas*, 61 AD3d 1135, 1137 [2009]; *Conolly v Thuillez*, 58 AD3d 973, 974-975 [2009]; *Salvador v Uncle Sam Auctions & Realty, Inc.*, 30 AD3d 861, 861 [2006]).

Next, defendants argue that, regardless of the merit of the above "grandfathering" claim, they nevertheless showed that their use of the property after the enactment of the 1972 zoning ordinance qualified as a permissible legal "accessory" use incident to any of the permissible uses for residential property. We disagree. Our review of the accessory uses permissible under the 1972 ordinance reveals no language establishing that the operation of an automobile transportation business was a valid accessory use. Additionally, we are unpersuaded by defendants' assertion that their use of the property was a permissible customary home occupation use under the 1972 rules. The 1972 zoning ordinance provides that "[i]n any district, nothing in this ordinance shall prevent an individual from conducting his business, trade or profession in his home or residence, provided that . . . there be no external evidence of such use except for one sign not exceeding [two] square feet in area; and that there shall not be any exterior storage of materials, or equipment." Given the extensive evidence that defendants and their successors stored the vehicles outside of the residence and loaded and unloaded such vehicles on the subject property, we find no basis to conclude that Supreme Court should have ruled in defendants' favor on this issue.

Finally, we have reviewed defendants' remaining arguments, including their claim that Supreme Court erroneously took judicial notice of plaintiff's 1972 zoning ordinance, and find them to be unpersuasive.

Peters, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.