# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

870

CA 12-00429

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

STEWART M. BRENNER AND BARBARA BRENNER,
PLAINTIFFS-APPELLANTS,

V                                          MEMORANDUM AND ORDER

WILLIAM J. DIXON, DEFENDANT-RESPONDENT.

---

ARTHUR J. RUMIZEN, WILLIAMSVILLE, FOR PLAINTIFFS-APPELLANTS.

BAXTER SMITH & SHAPIRO, P.C., WEST SENECA (ARTHUR SMITH OF COUNSEL),
FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered September 8, 2011 in a personal injury action. The order granted the motion of defendant for a directed verdict and dismissed the complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, defendant's motion for a directed verdict is denied, the complaint is reinstated and a new trial is granted.

Memorandum: Plaintiffs commenced this action seeking damages for injuries that Stewart M. Brenner (plaintiff) sustained when the bicycle he was riding was struck by a vehicle operated by defendant. Prior to the accident, both plaintiff and defendant were traveling south on Youngs Road, a two-lane roadway in the Town of Amherst. Plaintiff was riding his bicycle on the right shoulder of the road, and defendant was operating his vehicle on the roadway behind and to the left of plaintiff. The accident occurred near the intersection of Youngs Road and Renaissance Drive, which is not controlled by a stop sign or other traffic-control device. While plaintiff was in the process of turning left onto Renaissance Drive, defendant's vehicle struck the rear tire of plaintiff's bicycle, causing plaintiff to be thrown from the bicycle. On appeal, plaintiffs contend that Supreme Court erred in granting defendant's motion to dismiss the complaint pursuant to CPLR 4401 at the close of plaintiffs' case. We agree.

It is well settled that "a directed verdict is 'appropriate where the . . . court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party' " (*Bennice v Randall*, 71 AD3d 1454, 1455, quoting *Szczerbiak v Pilat*, 90 NY2d 553, 556; *see Matter of Radisson Community Assn., Inc. v Long*, 28 AD3d 88, 90). In determining whether

to grant a motion for a directed verdict pursuant to CPLR 4401, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Szczerbiak*, 90 NY2d at 556; *see Radisson Community Assn., Inc.*, 28 AD3d at 90).  Often, "the better practice is to submit the case to the jury which, in some instances, may obviate defendant's CPLR 4401 motion by returning a defendant's verdict" (*Rosario v City of New York*, 157 AD2d 467, 472; *see Jacino v Sugerman*, 10 AD3d 593, 594-595).  Here, accepting plaintiff's testimony as true and affording plaintiffs every favorable inference that may reasonably be drawn from the facts presented at trial (*see Murphy v Kendig*, 295 AD2d 946, 947; *Nicholas v Reason*, 84 AD2d 915, 915), we conclude that there is a "rational process by which the [jury] could [have] base[d] a finding in favor of [plaintiffs]" (*Szczerbiak*, 90 NY2d at 556).  In support of his motion for a directed verdict, defendant contended that the accident was caused solely by plaintiff's negligence in, inter alia, failing to signal the left turn or to yield the right-of-way to defendant.  With a few exceptions that are not relevant here, "a person riding a bicycle on a roadway is entitled to all of the rights and bears all of the responsibilities of a driver of a motor vehicle" (*Palma v Sherman*, 55 AD3d 891, 891; *see* Vehicle and Traffic Law § 1231).  Vehicle and Traffic Law § 1163 (a) requires vehicles to signal before turning at an intersection, and section 1237 specifies the signal to be used by bicyclists when making a left turn (*see* § 1237 [1]).  Here, plaintiff admitted that he did not signal before making his left turn.

Nonetheless, we conclude that plaintiffs submitted sufficient proof of negligence on the part of defendant to survive a CPLR 4401 motion (*see generally Leahy v Kontos*, 112 AD2d 356, 357).  Vehicle and Traffic Law § 1146 (a) provides that, "[n]otwithstanding the provisions of any other law to the contrary, every driver of a vehicle shall exercise due care to avoid colliding with any bicyclist . . . upon any roadway and shall give warning by sounding the horn when necessary."  "In general, a motorist is required to keep a reasonably vigilant lookout for bicyclists" (*Palma*, 55 AD3d at 891).

Here, plaintiffs submitted photographs establishing that the portion of Youngs Road where the collision occurred is straight, with a wide paved shoulder, and plaintiff testified at trial that, prior to making his left turn, he looked behind him and saw defendant's vehicle "well down Youngs Road."  Thus, a trier of fact could reasonably infer that defendant likewise should have been able to see plaintiff's bicycle at that time, given the straight nature of the roadway on which the accident occurred.  Plaintiff also testified that he began his turn from the right shoulder of the roadway and had reached or nearly reached the double yellow center line dividing the north and south lanes when the left front corner of defendant's vehicle struck his rear bicycle tire.  At about the same time that the collision occurred, plaintiff heard the horn of a vehicle.  The fact that plaintiff had crossed the southbound lane from the shoulder before defendant collided with the rear wheel of plaintiff's bicycle suggests that defendant had time to observe plaintiff's movement and react thereto by, inter alia, sounding the horn of his vehicle, swerving, or

braking before impact.  Plaintiff, however, testified that he did not hear the horn until the time of impact and did not hear the vehicle skidding.  We thus conclude that there is a "rational process by which the [jury] could [have found]" that defendant was negligent (*Szczerbiak*, 90 NY2d at 556), i.e., that defendant violated his "statutory duty to use due care to avoid colliding with [plaintiff] on the roadway . . ., as well as [his] common-law duty to see that which he should have seen through the proper use of his senses" (*Barbieri v Vokoun*, 72 AD3d 853, 856).

We therefore reverse the order, deny defendant's motion, reinstate the complaint, and grant a new trial.

Entered:  September 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court