*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 23, 2014                517428
_____

MARY MARGARET SMITH,
                    Respondent,

        v                                MEMORANDUM AND ORDER

STATE OF NEW YORK,
                    Appellant.
_____


Calendar Date:  September 2, 2014

Before:  Lahtinen, J.P., Stein, McCarthy, Rose and Devine, JJ.

                        _____


        Eric T. Schneiderman, Attorney General, Albany (Frank Brady
of counsel), for appellant.

        Levene, Gouldin & Thompson, LLP, Binghamton (John L.
Perticone of counsel), for respondent.

                        _____


McCarthy, J.

        Appeal from a judgment of the Court of Claims (Schaewe,
J.), entered June 6, 2013, upon a decision of the court following
a bifurcated trial in favor of claimant on the issue of
liability.

        Claimant sustained personal injuries when the bicycle she
was riding collided with a marked State Police vehicle in the
Village of Whitney Point, Broome County.  Claimant was riding
along a street that ends at a T intersection, and was just past
the stop sign but not yet into the intersection.  The trooper was
driving on the other street when he began making a left turn onto
the street where claimant was riding.  He cut the corner a little
sharp, and claimant collided with the troop car at a very shallow
angle in her own lane of travel.  She was thrown from the

bicycle, resulting in injuries.

Claimant commenced this action against defendant based on the trooper's negligence.  After a bifurcated trial on the issue of liability, the Court of Claims apportioned liability 70% to defendant and 30% to claimant.  Defendant appeals.[1]

We affirm.  When reviewing a determination after a nonjury trial, this Court independently considers the weight of the evidence and may grant whatever judgment is warranted by the record, all while deferring to the trial judge's factual findings, especially where those findings are based on credibility determinations (see Town of Kinderhook v Slovak, 72 AD3d 1240, 1241 [2010]; Sherwood v Brock, 65 AD3d 738, 738-739 [2009]; Beckwith v State of New York, 42 AD3d 828, 829 [2007]). Here, the Court of Claims made credibility determinations and factual findings that were supported by "a fair and reasonable interpretation of the evidence" (Town of Kinderhook v Slovak, 72 AD3d at 1241 [internal quotation marks and citation omitted]). After weighing the eyewitness and expert testimony and considering it along with the physical evidence, the court determined that the collision occurred in claimant's lane of travel, meaning that the trooper crossed at least somewhat into claimant's lane in violation of Vehicle and Traffic Law § 1120 (a).  "[A]n unexcused violation of the Vehicle and Traffic Law constitutes negligence per se" (Feeley v St. Lawrence Univ., 13 AD3d 782, 783 [2004]; accord Aloi v County of Tompkins, 52 AD3d 1092, 1093 [2008]; see Hazelton v D.A. Lajeunesse Bldg. & Remodeling, Inc., 38 AD3d 1071, 1072 [2007]).  The court also reasonably determined that the trooper was negligent in cutting the corner while making his left turn, in violation of Vehicle and Traffic Law § 1160 (b) (see Murphy v Epstein, 72 AD3d 767,

---

[1]  Although the notice of appeal indicates that defendant is appealing from the May 30, 2013 decision, which is not an appealable paper (see CPLR 5512 [a]), we exercise our discretion to treat the notice of appeal as validly taken from the judgment entered on June 6, 2013 (see CPLR 5520 [c]; Evans v State of New York, 57 AD3d 1123, 1123-1124 n [2008], lv denied 12 NY3d 704 [2009]).

768 [2010]; Boylan v Whitehouse, 229 App Div 372, 374 [1930]). Considering the trooper's testimony that he never saw claimant until the moment of impact, along with evidence regarding the ample sight distance at the intersection and the legal concept that every driver has a duty to see what is there to be seen through the proper use of his or her senses (see Ranaudo v Key, 83 AD3d 1315, 1316 [2011]), the court properly found that the trooper was additionally negligent for violating Vehicle and Traffic Law § 1146 (a), which requires drivers to "exercise due care to avoid colliding with any bicyclist" (see Matter of Montagnino v Fiala, 106 AD3d 1090, 1091 [2013]; Shui-Kwan Lui v Serrone, 103 AD3d 620, 620-621 [2013]; Brenner v Dixon, 98 AD3d 1246, 1248 [2012]).

The Court of Claims assigned 30% liability to claimant based on testimony regarding her speed and that she did not appear to be slowing down as she approached the intersection, despite her obligation to heed the stop sign (see Vehicle and Traffic Law § 1231; Brenner v Dixon, 98 AD3d at 1247). Evidence also established that claimant had a fairly clear sight line and should have been able to see the troop car in time for her to react and possibly avoid the collision. On the other hand, claimant was required to move toward the center of the street in order to avoid parked cars, such that she did not violate Vehicle and Traffic Law § 1234 (a), which requires bicyclists to ride near the right-hand curb. Furthermore, while the collision occurred past the stop sign, it occurred before claimant entered the intersection, rendering her in compliance with Vehicle and Traffic Law § 1172 (a) (see Vehicle and Traffic Law § 120 [a]). Thus, we defer to the apportionment of liability determined by the Court of Claims.

Lahtinen, J.P., Stein, Rose and Devine, JJ., concur.

ORDERED that the judgment is affirmed, with costs.


ENTER:

Robert D. Mayberger
Clerk of the Court