*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 23, 2017                    522480
_____

MARILYN KRUPNICK,

                    Appellant,

        v

WINDY RIDGE CORP. et al.,

                    Defendants,
        and                                    MEMORANDUM AND ORDER

ROBERT KALLMAN,

                    Respondent.

GREGORY J. ALLEN, as Receiver
    for WINDAY RIDGE CORP.,

                    Respondent.
_____

Calendar Date:  January 10, 2017

Before:  Garry, J.P., Rose, Devine, Clark and Mulvey, JJ.

                        _____


        Schiller, Knapp, Lefkowitz & Hertzel, LLP, Latham (Gregory
J. Sanda of counsel), for appellant.

        Greg D. Lubow, Tannersville, for Robert Kallman,
respondent.

        Freeman Howard, PC, Hudson (Paul M. Freeman of counsel),
for Gregory J. Allen, respondent.

                        _____


Rose, J.

        Appeal from an amended order of the Supreme Court
(McDonough, J.), entered February 4, 2016 in Greene County, which
granted a motion by the receiver for defendant Windy Ridge Corp.

to, among other things, permit a sale of the property and mandate plaintiff's discharge of the mortgage.

In 2003, defendant Robert Kallman and Sheldon Krupnick, plaintiff's husband, borrowed funds from plaintiff to finance their purchase of all of the capital stock in defendant Windy Ridge Corp.[1] Kallman and Krupnick, in their capacity as the sole members of Windy Ridge, executed a promissory note that obligated Windy Ridge to repay the loan. To secure payment of the note, they also executed a mortgage on all of the real property owned by Windy Ridge in the Town of Windham, Greene County, and personally guaranteed the note. After Windy Ridge failed to make payment, plaintiff commenced this action against Windy Ridge and Kallman to, among others, foreclose the mortgage and obtain a deficiency judgment. Issue was joined and, in 2011, plaintiff moved for summary judgment. Kallman then cross-moved for summary judgment dismissing the complaint, alleging that he was fraudulently induced to execute the note, mortgage and personal guarantee.

Shortly thereafter, Kallman commenced a separate proceeding to judicially dissolve Windy Ridge (see Business Corporation Law § 1104-a). Supreme Court granted the petition, appointed a receiver in that proceeding to supervise the winding up of Windy Ridge's assets, including the real property that is the subject of this foreclosure action, and stayed this action (see Business Corporation Law §§ 1008 [a] [9]; 1115 [a] [3]). Four years later, in 2015, the receiver entered into a contract to sell all of Windy Ridge's assets. After plaintiff sent the receiver a payoff letter indicating that she was owed $460,819.76, the receiver moved in this action for an order directing that, upon the closing of title to Windy Ridge's real property, he is to deliver to plaintiff's attorney $480,819.76 (the payoff amount of

_____

[1] Kallman had previously commenced an action against Krupnick to rescind the contract for the Windy Ridge stock purchase. In that action, we found, among other things, that Kallman's conduct "constituted unclean hands barring the equitable relief" of rescission (Kallman v Krupnick, 67 AD3d 1093, 1097 [2009], lv denied 14 NY3d 703 [2010]).

$460,819.76, plus $20,000 as an estimated amount of accruing interest) to be held in the attorney's escrow account and, upon such payment, directing the Greene County Clerk to, among other things, discharge plaintiff's mortgage. Although the mortgage would then be discharged, thereby allowing the receiver to transfer title, the funds would remain in the escrow account of plaintiff's attorney until further direction of the court after its determination of the long-pending summary judgment motions. Supreme Court granted the receiver's motion in full and provided, among other things, that the payment into the attorney's escrow account constituted "substitute collateral" for the mortgage. Plaintiff now appeals.

We agree with plaintiff that Supreme Court lacked the authority to grant the relief requested by the receiver. It is well settled that "a foreclosure action is a 'proceeding in a court of equity which is regulated by statute'" (Jo Ann Homes at Bellmore v Dworetz, 25 NY2d 112, 122 [1969], quoting Dudley v Congregation of Third Order of St. Francis, 138 NY 451, 457 [1893]). Here, Supreme Court erroneously relied on RPAPL 1921 as authority for directing the County Clerk to mark the mortgage as "discharged" upon proof of payment into the escrow account. While the RPAPL provides "a mortgagor or other interested party with a statutory remedy for obtaining a satisfaction of mortgage" (Merrill Lynch Equity Mgt. v Kleinman, 246 AD2d 884, 886 [1998], lv denied 92 NY2d 802 [1998]), the condition precedent to receiving a discharge is that full "payment of authorized principal, interest and any other amounts due thereunder or otherwise owed by law has actually been made" (RPAPL 1921 [1] [emphasis added]; see Farmingdale Realty Trust v Real Props. MLP Ltd. Partnership, 225 AD2d 656, 657-658 [1996]; Weiss v Weiss, 206 AD2d 741, 743 [1994]). In our view, the receiver's deposit of the money into the escrow account of plaintiff's attorney falls short of full payment actually made to plaintiff because, even assuming that $480,819.76 represents the actual dollar amount of the loan plus interest owed to plaintiff, payment to plaintiff is contingent upon the occurrence of a later event, namely, Supreme Court's determination of the long-pending summary

judgment motions.[2]  Thus, we find that RPAPL 1921 did not provide Supreme Court with the authority to direct the County Clerk to mark the mortgage as discharged of record.

Moreover, we are unpersuaded by the receiver's contention that UCC 9-313 permits Supreme Court to direct that the escrowed funds would constitute substitute collateral for the mortgage. UCC 9-313 merely provides that a security interest is perfected when a secured party takes possession of the collateral.  It does not authorize Supreme Court to substitute plaintiff's collateral in the first instance and, as we have said, payment into the escrow account under the conditions imposed here is not tantamount to possession of the collateral by plaintiff (see UCC 9-313 [a]).

Finally, there is no merit to the receiver's assertion that Business Corporation Law § 1206 gives him the same power that a trustee in bankruptcy has under chapter 7 of the Bankruptcy Code to dispose of real property free and clear of all liens and mortgages.  In short, Supreme Court lacked the equitable authority to fashion the remedy at issue.  The parties' remaining contentions have been considered and found to be without merit.

Garry, J.P., Devine, Clark and Mulvey, JJ., concur.

---

[2]  Even then, this action is unlikely to be finally resolved given the history of litigation between these parties.

ORDERED that the amended order is reversed, on the law, without costs, and motion denied.


ENTER:

Robert D. Mayberger
Clerk of the Court