■ Town of Virgil, Respondent, v David Ford et al., Appellants.—Kane, J. Appeals (1) from an order of the Supreme Court (Ingraham, J.), entered March 10, 1989 in Cortland County, which granted plaintiff's motion for summary judgment, and (2) from an order of said court, entered October 30, 1989 in Cortland County, which denied defendants' motion to deem the aforementioned order abandoned.

In 1973, defendant H. Dorothea Ford purchased a parcel of land in plaintiff, the Town of Virgil in Cortland County, on which abandoned or "junked" vehicles have accumulated in violation of plaintiff's 1979 zoning ordinance *(see,* Town of Virgil Zoning Ordinance § 310.7). Plaintiff commenced this action in 1987 to, *inter alia,* direct Dorothea Ford and her nephew, defendant David Ford, to remove the junk vehicles from the premises. Defendants asserted in their amended answer the affirmative defense of a preexisting nonconforming use. Plaintiff then moved for summary judgment, arguing that defendants could not claim a valid nonconforming use because the vehicles were placed on the premises after 1973, in violation of a March 20, 1969 zoning ordinance which similarly prohibited their storage. Supreme Court agreed and granted plaintiff's motion by decision dated September 26, 1988. As of February 1989, plaintiff had failed to submit an order and defendants subsequently moved for an order deeming the decision abandoned. Supreme Court denied the motion and signed a submitted order granting plaintiff summary judgment. These appeals followed.

We affirm. "A party who raises a claim of a nonconforming use must establish that the use was legally created" *(Province of Meribah Socy. of Mary v Village of Muttontown,* 148 AD2d 512, 514; *see,* 1 Anderson, New York Zoning Law and Practice § 6.09, at 212-213 [3d ed]; *see also, Incorporated Vil. of Old Westbury v Alljay Farms,* 100 AD2d 574, *mod* 64 NY2d 798). Defendants' accumulation of vehicles on the land purchased in 1973 was not lawful, as it violated the town ordinance enacted in 1969, and defendants have failed to establish that such use occurred prior thereto. Accordingly, summary judgment was properly granted.

We also reject defendants' argument that Supreme Court erred in denying their motion to deem its earlier decision abandoned for failure to submit an order. Supreme Court operated well within its discretion in finding "good cause shown" (22 NYCRR 202.48 [b]) for the delay.

Orders affirmed, without costs. Mahoney, P. J., Kane, Weiss, Mercure and Harvey, JJ., concur.