■ TOWN OF NASSAU, Respondent, v STEPHEN O. NALLEY, Doing Business as IMPACT AUTO, Appellant. [862 NYS2d 115]—

Malone Jr., J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered June 18, 2007 in Rensselaer County, which, among other things, granted plaintiff's motion for a permanent injunction.

Defendant has operated a junkyard in the Town of Nassau, Rensselaer County, for more than 20 years. For many of those years, there has been a disagreement between the parties concerning plaintiff's attempts to regulate defendant's operation. In 2002, plaintiff commenced an action against defendant alleging, among other things, violations of the Town of Nassau Junkyard Ordinance. That action was ultimately resolved by the parties entering into a stipulation of settlement. The following year, however, plaintiff commenced the instant action alleging that defendant had violated the terms of the stipulation. In November 2004, the parties entered into a second stipulation of

settlement, which again required defendant to operate his junkyard in accordance with specific mandates and, upon defendant's violation, entitled plaintiff to, among other things, seek liquidated damages and an injunction permanently enjoining defendant from operating the junkyard.

In April 2006, plaintiff's Code Enforcement Officer, Rudolph Jahn, inspected the junkyard and, upon noting various violations, issued defendant a notice of violation of the stipulation. When the alleged violations were not remedied within the specified time period, plaintiff obtained a temporary restraining order and moved for a permanent injunction, liquidated damages and counsel fees. Defendant opposed plaintiff's motion and cross-moved to vacate the temporary restraining order. Supreme Court denied defendant's cross motion and, following a hearing, granted plaintiff's motion. Defendant appeals.*

On appeal, defendant does not seek to invalidate or set aside the parties' stipulation of settlement but, rather, he argues that plaintiff failed to establish a willful violation of the stipulation and, as such, Supreme Court's grant of a permanent injunction constituted an abuse of discretion. However, as Supreme Court determined, plaintiff was not required to prove that defendant's alleged violations were intentional inasmuch as the language of the stipulation clearly provides that "[a]ny violation" would constitute a breach of the agreement.

At the hearing, as proof of defendant's violations, Jahn testified that he inspected defendant's premises in April 2006 and noted numerous violations of the parties' stipulation, including deficiencies in the perimeter fence and gates, junk vehicles— defined as "not road ready and/or properly inspected for legal usage"—located outside the fencing, and a vehicle located in an upper access roadway. According to Jahn, he continued to regularly inspect the property and noted that, although many of the violations were timely remedied by defendant, the vehicle in the upper roadway remained there until April 27, 2006 and, as of the date of the hearing, deficiencies in the fence and gates persisted and at least two junk vehicles remained outside the perimeter fence. This testimony sufficiently established that defendant failed to timely remedy these violations and, as such,

---

* To the extent that defendant argues on this appeal that Supreme Court erred in determining that the Town of Nassau Junkyard Ordinance was properly enacted, we note that defendant did not appeal from the May 23, 2007 order in which Supreme Court addressed this issue and, as such, it is not properly before this Court (see Town of New Baltimore v Winslow, 39 AD3d 1074, 1075-1076 [2007]; Speers v State of New York, 285 AD2d 872, 873 [2001]; Finch, Pruyn & Co. v Niagara Paper Co., 228 AD2d 834, 838 [1996], appeal dismissed 88 NY2d 979 [1996]).

Supreme Court properly determined that plaintiff was entitled to liquidated damages as set forth in the stipulation.

However, we find Supreme Court's assessment of damages of $500 per day for the 47 days in which it found that defendant allowed a vehicle to be parked in the upper access road to be unsupported by the record. In a sworn affidavit, Jahn indicated that the vehicle in question was present during his inspection on April 26, 2006, but had been removed before his inspection on April 27, 2006, a fact which he ultimately conceded at the hearing. As such, the damages assessed for this violation must be reduced from $23,500 to $2,500, representing five days of the violation at the stipulated rate of $500 per day.

Finally, we are not persuaded by defendant's contention that Supreme Court abused its discretion in granting plaintiff's request for a permanent injunction. The parties' stipulation specifically provided that plaintiff was entitled to seek a permanent injunction in the event that defendant failed to comply with the terms of the agreement. Moreover, given the ongoing nature of defendant's violations of the Junkyard Ordinance and his disregard for the terms of the parties' stipulations, it cannot be said that Supreme Court abused its discretion in issuing a permanent injunction (*see* Town Law § 135 [1]; *Town of Brookhaven v Mascia*, 38 AD3d 758, 759 [2007]).

To the extent not specifically addressed herein, defendant's remaining contentions have been considered and determined to be without merit.

Mercure, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reducing the liquidated damages assessed against defendant for having a vehicle parked in the upper access road to $500 per day for five days, thereby reducing the total liquidated damages owed to $73,000, and, as so modified, affirmed. [*See* 2007 NY Slip Op 31212(U).]